NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3232

ARDRENA A. BURNETT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Ardrena A. Burnett, of Sugar Land, Texas, pro se.

Stephanie M. Conley, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Calvin M. Morrow, Acting Associate General Counsel.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3232

ARDRENA A. BURNETT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: October 22, 2007

_____

Before NEWMAN, RADER, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Ardrena A. Burnett, proceeding *pro se*, petitions for review of the decision of the Merit Systems Protection Board dismissing her appeal for lack of jurisdiction.[1] We <u>affirm</u>.

---

[1] <u>Burnett v. U.S. Postal Serv.</u>, MSPB Docket No. DA3443060569-I-1 (April 6, 2007).

BACKGROUND

Ms. Burnett worked as a Mail Handler at the United States Postal Service's General Mail Facility in Houston, Texas. The Postal Service removed her from employment on August 26, 2005, on the ground that she submitted a false workers' compensation claim. On May 3, 2006 Ms. Burnett filed an appeal with the Merit Systems Protection Board alleging that the agency wrongfully removed her, violated her restoration rights, and denied her a within-grade increase.

Before the Board Ms. Burnett moved to add a claim that her removal violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. §4301 et seq. USERRA prohibits discriminatory treatment in employment because of an employee's military service and provides for appeal to the Board. The administrative judge directed that the USERRA claim be docketed as a separate appeal.

The administrative judge then issued an Order to Show Cause in the separate appeal, stating that Ms. Burnett's file contained no evidence of military service as required to bring an action under USERRA, and directing her to provide evidence "including a DD-214 or other documentation that might establish her service, if any, in the military." Ms. Burnett's response did not include any evidence of military service and did not address the issue. The Postal Service submitted documents from Ms. Burnett's personnel records as evidence that she lacked prior military service and had no pending obligation to perform military service. The administrative judge dismissed the appeal for lack of jurisdiction, and the full Board denied review. This appeal is from that judgment.

DISCUSSION

We review the decision of the Board to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. See 5 U.S.C. §7703(c); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986). Whether the Board has jurisdiction to receive an appeal is a question of law, and receives plenary review. Hayes v. United States Postal Serv., 390 F.3d 1373, 1376 (Fed. Cir. 2004).

Ms. Burnett argues that USERRA applies not only to employees who performed military service but also to federal employees who suffered an injury or disability "in the line of duty," the "duty" being any federal employment. She states that 5 C.F.R. Part 353, which relates to appeal rights, applies equally to USERRA and to 5 U.S.C. §8151 appeals, and thus that all federal employees are included. However, Ms. Burnett misconstrues the statute and regulation, for although 5 C.F.R. §353.101 contains regulations applying to appeals under either USERRA or 5 U.S.C. §8151, USERRA appeals are available only to employees who meet the requirement of military service.

Ms. Burnett does not allege that she performed "military duty" or had an obligation to do so. She has not contradicted the Postal Service's documentation of her lack of military service. The Board's conclusion that it did not have jurisdiction by way of USERRA is correct. The Board's dismissal of the appeal is affirmed.

No costs.